JOSEPH WIENER et al., Respondents, v. CANTERBURY HOMES, INC., Defendant, and GODFREY M. WEINSTEIN, Appellant.— On August 27, 1947, the corporate defendant contracted to sell, and plaintiffs to buy, a dwelling in Westchester

County. In a letter annexed to the contract and made part thereof, the corporate defendant agreed to spread six inches of topsoil over the lawn. Title closed on November 10, 1947. In this action to recover damages for fraud brought against both the corporate defendant and its president, the individual defendant, plaintiffs alleged two causes of action: (1) damages for fraud with respect to sidings; and (2) damages for fraud with respect to the topsoil. The jury found for plaintiffs on both causes of action only against the individual defendant, who appeals from the judgment entered thereon. Judgment of the County Court, Westchester County, modified on the law by striking from the adjudicating paragraph the words and figures beginning with "$2,000" and ending with "$2,925.96" and substituting therefor a provision that plaintiffs recover $985.69 on the first cause of action, with appropriate interest and costs, and by adding thereto a provision that the second cause of action is dismissed. As so modified, the judgment is affirmed, without costs. Findings of fact implicit in the verdict are affirmed. The first cause of action was properly submitted to the jury. The only damages proved with respect thereto amounted to $985.69. The second cause of action should have been dismissed. The sole proof of the fraud relied on in this cause of action was that a representation was made in October, 1947, that the topsoil had been spread. The promise by the corporate defendant on August 27, 1947, with respect to topsoil was one to perform in futuro. The failure to perform such a promise, or a representation that the promise had been performed, gave rise to a cause of action for breach of contract, but did not give rise to a cause of action for fraud. (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Adams* v. *Gillig,* 199 N. Y. 314.) The contention of lack of jurisdiction of the County Court because of nonresidence of the corporate defendant may not be considered in view of defendants' failure to move pursuant to section 237-a of the Civil Practice Act. (*Wolfe* v. *Blackman,* 279 App. Div. 977.) Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.